**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------

LANCE T. PITTS,

                        Petitioner,

          v.                                         No. 03-CV-732
                                                (DNH/DRH)

CALVIN WEST, Superintendent,

                        Respondent.

---------------------------------------------------------------

**APPEARANCES:**                      **OF COUNSEL:**

LANCE T. PITTS
Petitioner Pro Se
99-A-5699
Green Haven Correctional Facility
Post Office Box 4000
Stormville, New York 12582

HON. ANDREW M. CUOMO        STEVEN H. SCHWARTZ, ESQ.
Attorney General for the State      Assistant Attorney General
  of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Petitioner Lance T. Pitts ("Pitts") is currently an inmate in the custody of the New

York State Department of Correctional Services ("DOCS") at Great Meadow Correctional

Facility.  Pitts was convicted on September 14, 1999 following a jury trial in Rensselaer

County Court of murder and criminal possession of a weapon.  Pitts was sentenced to a

---------------------------

    [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

total term of twenty-five years to life imprisonment.  Pitts now seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on the grounds that (1) his Fifth Amendment rights were

violated resulting in the admission of inculpatory statements; (2) the trial court impermissibly

admitted evidence of Pitts' youthful offender adjudication; (3) Pitts' Sixth Amendment right

to effective trial counsel was violated; (4) there was an impermissible delay in arraignment;

and (5) Pitts' Sixth Amendment right to effective appellate counsel was violated.  For the

reasons which follow, it is recommended that the petition be denied.


## I.  Background

On the evening of November 30, 1998, Milton S. Thompson was shot and killed in

the City of Troy at the intersection of Ninth and Middleburgh Streets.  T.(9/7/99) at 35-39.[2]

The police immediately received information that a person with the street name "P" and

another with the street name "Hammer" were either witnesses to or involved in the shooting.

T.(9/8/99) at 81.  On December 1, 1998, at approximately 11:00 a.m., Officer Richard

Schoonmaker apprehended Pitts based upon outstanding warrants on unrelated charges.

SH. 7;[3] T.(9/8/99) at 84.  Officer Schoonmaker knew that Pitts was wanted in the homicide

investigation as a suspect.  SH. 7.  Pitts was read his Miranda rights by Officer Richard

Sprague.  T.(9/8/99) at 70.  Pitts then waived his rights to remain silent and to

representation by an attorney.  T. (9/8/99) at 70.  The police questioned Pitts and obtained

---

[2] "T." with a date in parenthesis followed by a number refers to the date and the pages of the trial transcript included with respondent's answer.  Docket No. 28.

[3] "SH." followed by a number refers to the pages of the suppression hearing transcript included with respondent's answer.  Docket No. 28.

an inculpatory statement pertaining to his involvement in the homicide.  T.(9/8/99) at 71.

Pitts was found guilty and was sentenced as indicated above.  T.(9/14/99) at 45;S. 5-6.[4]  His conviction was affirmed by the Appellate Division.  People v. Pitts, 290 A.D.2d 580 (3d Dep't. 2002).  The New York Court of Appeals denied leave to appeal.  People v. Pitts, 97 N.Y.2d 759 (2002).  Pitts then filed a motion to vacate his judgement pursuant to N.Y. Crim. Proc. Law § 440.10.  Docket No. 28, Ex. 11.  The motion was denied by the County Court on February 11, 2003.  Id., Ex. 12.  The Appellate Division denied permission to appeal on April 16, 2003.  Id., Ex. 16.  Pitts filed a second § 440.10 motion on July 21, 2002.  Id., Ex. 17.  The motion was denied by the County Court on October 17, 2003.  Id., Ex. 20.  The Appellate Division denied permission to appeal on December 29, 2003.  Id., Ex. 23.  Pitts also filed a petition for a writ of error coram nobis, which was denied on November 21, 2003.  Id., Exs. 24, 27.  Pitts did not seek leave to appeal this denial to the New York Court of Appeals.

## II.  Discussion

### A. Fourth Amendment

Pitts contends that his right to counsel was violated because the police officers knew or should have known that he had representation on other unrelated charges at the time of the interrogation.  However, the officers interrogated Pitts in the absence of counsel on the charges in question which resulted in several inculpatory statements.  Thus, Pitts argues, the motion to suppress the statements made in that interrogation was improperly denied.

---

[4] "S." followed by a number refers to the pages of the sentencing hearing transcript included with respondent's answer.  Docket No. 28.

Respondent counters that the Constitution does not require habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced. Further, review of Fourth Amendment claims is unavailable here unless the state provides no procedures to redress the alleged violation or Pitts was precluded from using the procedure due to an unconscionable breakdown in the underlying process. Respondent asserts that the claim of a Fourth Amendment violation was fully reviewed as part of Pitts' omnibus motion and resulting suppression hearing. Finally, Respondent asserts that although the questioning at issue may have been contrary to the New York Constitution, it is not prohibited by the United States Constitution.

If the state court "has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the [federal] Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976); Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). This rule applies regardless of the nature of the evidence the petitioner seeks to suppress and includes physical evidence, identification evidence, and confessions. See Cardwell v. Taylor, 461 U.S. 571 (1983); Dawson v. Donnelly, 111 F. Supp. 2d 239, 247 (W.D.N.Y. 2000)

Fourth Amendment claims in habeas petitions can be undertaken in only two instances: "a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan, 975 F.2d at 70 (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977)).

-4-

New York's statutory procedure for obtaining suppression of illegally obtained evidence is embodied in N.Y. Crim. Proc. Law § 710 et seq.  In fact, Pitts made an omnibus motion, in part pursuant to that section, asserting that his oral and written statements to the police were illegally obtained.  Docket No. 28, Ex. 7 at 97-99.  An evidentiary hearing was held, following which the motion to suppress was denied.  SH. 103-12.  Pitts obtained further review of the suppression issue in the state judicial system by raising it in his direct appeal to the Appellate Division.  The Appellate Division found the claim to be without merit.  People v. Pitts, 290 A.D.2d 580 (3d Dep't 2002).

Although this claim is thus barred on procedural grounds, Pitts also fails to state a substantive claim under the federal Constitution.  The federal Constitution does not prohibit law enforcement from questioning suspects in the absence of counsel if the counsel is retained only in unrelated matters.  The Sixth Amendment right to counsel, which does not attach until after initiation of adversary judicial proceedings, is offense-specific as is its effect of invalidating subsequent waivers during police-initiated questioning.  McNeil v. Wisconsin, 501 U.S. 171, 175-76 (1991); United States v. Yousef, 327 F.3d 56, 141 n.65 (2d Cir. 2003); United States v. Mills, 412 F.3d 325, 328 (2d Cir. 2005).  Further the invocation of the Sixth Amendment right to counsel as to one charge does not invoke the Fifth Amendment Miranda- Edwards protections in unrelated charges.  Id. at 178-79.

Therefore, as the state court provided an adequate corrective procedure to address the alleged Fourth Amendment violation, and as there was no unconscionable breakdown in the procedure, the petition on this ground should be denied.

**B. Evidentiary Claim**

After a pretrial hearing, the County Court ruled that the prosecution could not inquire into Pitts' youthful offender and juvenile offender adjudications because they were not convictions.  T.(8/30/99) at 4-5.  The prosecution was further instructed not to question Pitts about the underlying facts of the youthful offender and juvenile adjudications.  T.(8/30/99) at 4-5.  However, at the trial Pitts testified on his own behalf about numerous encounters with the police when he was younger.  T.(9/9/99) at 25.  The prosecution then made a motion in limine at which time the County Court ruled that Pitts had opened the door to the youthful offender and juvenile adjudications.  T.(9/9/99) at 49.  The prosecution proceeded to question Pitts about the youthful offender and juvenile adjudications.  T.(9/9/99) at 53-54.  Pitts contends that his due process rights were violated when the trial court erred in permitting the prosecution to inquire about his youthful offender adjudication after ruling the defense "opened the door" to such questioning.

Respondent contends that there is no basis for relief on this ground because no issue of constitutional magnitude is raised.  Respondent further contends that no due process claim lies because the evidence in question was not "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."  Finally, respondent contends that the evidentiary ruling was proper because Pitts opened the door by repeatedly referring to his "run-ins with police during his youth."

Evidentiary questions are typically matters of state law and raise no federal constitutional issue for habeas corpus review.  Estelle v. McGuire, 502 U.S. 62, 67-69 (1991); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998).  The introduction of improper

evidence against a defendant does not amount to a violation of due process unless the evidence "is so extremely unfair that its admission violates fundamental conceptions of justice." Dowling v. United States, 493 U.S. 342, 352 (1990).  For the erroneous admission of other unfairly prejudicial evidence to amount to a denial of due process, the item must have been "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." Johnson v. Ross, 955 F.2d 178, 181 (2d Cir.1992); Dunnigan, 137 F.3d at 125.

Here, the introduction of evidence concerning Pitts' youthful offender and juvenile adjudications did not amount to a violation of due process.   Further, there is not even a claim that their admission was unfairly prejudicial.  Thus, Pitts fails to present a federal constitutional question for review.  Moreover, aside from the above discussed grounds for denying this claim, the evidence of Pitts' youthful offender and juvenile adjudications were properly admitted under New York evidentiary rules.  Pitts and his counsel clearly opened the door to this line of questioning by making numerous references to "run-ins" with the police during Pitts' youth.  T.(9/9/99) at 25, 49; see People v. Fardan, 82 N.Y.2d 638, 646 (1993); People v. Rodriquez, 85 N.Y.2d 586, 591 (1995).

Therefore, as the admission of testimony relating to Pitts' youthful offender and juvenile adjudications does not present a federal Constitutional question, and as admission was nonetheless proper under New York evidentiary rules, the petition on these grounds should be denied.


### C.  Ineffective Assistance of Counsel

Pitts contends that his right to counsel was violated because his attorney failed to

assert in the omnibus motion that there was an impermissible delay in arraignment.  As a result of this failure, inculpatory statements made by Pitts before arraignment and his clothes were admitted against him at trial.

Respondent contends that Pitts' ineffective assistance of counsel claim is outside federal habeas corpus review under the "adequate and independent state procedural bar to review" doctrine.  Respondent asserts that this doctrine applies because Pitts raised the claim in his second § 440 motion rather than his first § 440 motion.  Respondent further contends that Pitts' second § 440 motion was properly denied because Pitts was in a position to raise the issue in the first § 440 motion.  Further, respondent asserts that to the extent suppression issues were raised, the claim was properly dismissed because "the ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment . . . ."

The "adequate and independent state procedural bar to review" doctrine provides that a petitioner's claim may not be reviewed in a federal habeas corpus proceeding if the state court declined to review the merits of a petitioner's  federal constitutional claim because the petitioner did not comply with a state procedural rule.  Wainwright v. Sykes, 433 U.S. 72, 81-82 (1977). However, if "the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice,'" the claim may still be reviewed.  Harris v. Reed, 489 U.S. 255, 263 (1989); Ramirez v. Attorney Gen., 280 F.3d 87, 90 (2d Cir. 2001).

Here, Pitts raised the claim in his second § 440 motion rather than his first § 440 motion.  Docket No. 28, Exs. 11, 17.  Therefore, Pitts' second § 440 motion was properly

-8-

denied because Pitts was in a position to raise the issue in the first § 440 motion. Because Pitts failed to comply with the state procedural rule and cannot show cause, prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice, Pitts' claim on these grounds should be denied.

Alternatively, this claim should be denied on the merits. A petitioner claiming ineffective assistance of counsel is required to show both that the attorney's performance fell below "an objective standard of reasonableness" and that the petitioner suffered prejudice because of the performance. Strickland v. Washington, 466 U.S. 668, 688, 693 (1984); United States v. Moree, 220 F.3d 65, 69 (2d Cir. 2000). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action' might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To meet this burden, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. Finally, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Therefore, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. Any errors of counsel must be considered in the "aggregate" rather than in isolation, as the Supreme Court has directed courts "to look at the 'totality of the evidence before the judge or jury.'" Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 695-96)).

Pitts contends that his trial counsel was ineffective because counsel failed to assert

that there was an impermissible delay in arraignment.  As discussed <u>infra</u> in subsection D, there was no impermissible delay in arraignment.  Thus, counsel's failure to assert this claim clearly, and by any measure, did not fall "outside the wide range of professionally competent assistance."  Thus, Pitts' claim of ineffective assistance of counsel is procedurally barred and is without merit.

Therefore, the petition on this ground should be denied.


**D.  Delay in Arraignment**

Pitts contends that it was unconstitutional for the Troy Police to arrest him on three outstanding bench warrants and then never cause him to be arraigned on the warrants, but yet interrogate him.  Pitts also contends that this conduct violated his rights to counsel and to a timely arraignment.

Respondent contends that Pitts' impermissible delay in arraignment claim is outside federal habeas corpus review under the "adequate and independent state procedural bar to review" doctrine.  Respondent asserts that this doctrine applies because Pitts raised the claim in his second § 440 motion rather than his first § 440 motion.  Respondent further states that Pitts' second § 440 motion was properly denied because he was in a position to raise the issue in the first § 440 motion.  Further, this claim overlapped with another claim in the second § 440 motion and thus was properly denied.

The "adequate and independent state procedural bar to review" doctrine provides that a petitioner's claim may not be reviewed in a federal habeas corpus proceeding if the state court declined to review the merits of a petitioner's federal constitutional claim because the petitioner did not comply with a state procedural rule.  <u>Wainwright</u>, 433 U.S. at

-10-

81-82. However, if "the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice,'" the claim may still be reviewed.   Harris, 489 U.S. at 263; Ramirez, 280 F.3d at 90.

Here, Pitts raised the claim in his second C.P.L. § 440 motion rather than his first motion.  Docket No. 28, Exs. 11, 17.  Therefore, Pitts' second § 440 motion was properly denied because he was in a position to raise the issue in the first § 440 motion.  As Pitts failed to comply with the state procedural rule and cannot show cause, prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice, his claim should be denied.

Alternatively, this claim should be denied on the merits.  Absent extraordinary circumstances, the state has forty-eight hours to arraign a defendant arrested without a warrant for a determination of probable cause. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).  A delay of less than forty-eight hours can violate federal law if a petitioner demonstrates that the delay was unreasonable, but there is a presumption that the state has acted lawfully.  McLaughlin, 500 U.S. at 56-57.  Where no prejudice is alleged, however, a delay in arraignment "cannot be said to contain a federal constitutional claim." United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509, 511 (2d Cir.1964); see also James v. Goord, No. Civ. 02-1174(DC), 2004 WL 1207906, at *11 (S.D.N.Y. June 1, 2004).

Further, when arrest is pursuant to a warrant, there is no sweeping rule that "no pre-arraignment delay for questioning is permissible following an arrest pursuant to a warrant." United States v. Braverman, 376 F.2d 249, 251 (2d Cir. 1967). The applicable test for determining if statements resulting from such a delay must be suppressed "is not the lapse

of time but the use of the time [of the delay] to employ the condemned psychologically coercive or third degree practices [of interrogators] which is proscribed." United States v. Rubio, 709 F.2d 146, 154 (2d Cir. 1983) (quoting United States v. Marrero, 450 F.2d 373, 376 (2d Cir. 1971)).

Here, Pitts was arrested on December 1, 1998 on several outstanding warrants, including one issued pursuant to a July 17, 1998 indictment on drug charges.  SH. 7, 103-112.  Pitts was arraigned the next day on December 2, 1998 on the outstanding warrants and on the charges in question here.  Docket No. 28, Ex. 17 at ¶ 16(u), (v).  As this is a delay of less than forty-eight hours, Pitts must demonstrate that the delay was unreasonable, thereby overcoming the presumption that the state acted lawfully.  Pitts does not articulate any unreasonable delay.  Further, as for the arrest warrant pursuant to the indictment on drug charges, there is no evidence of psychologically coercive or third degree practices of interrogation during the intervening period between arrest and arraignment.  Thus, there was no impermissible delay in arraignment and the resulting inculpatory statement need not have been suppressed.

Therefore, the petition on this ground should be denied.


### E.  Remaining Contentions

Pitts contends that the Appellate Division's review "was fraudulent, in violation of defendant's statutory constitution [sic] right to appeal and right to effective assistance of counsel" because counsel on appeal failed to establish that once a court issues a warrant on a complaint, the defendant must be promptly arraigned before any questioning.

Respondent contends that the gravamen of the claim here is that Pitts should have

-12-

been promptly arraigned, thus causing attachment of the right to counsel and not brought to the police station where Pitts  made inculpatory statements.[5]  Respondent asserts that this claim should be dismissed because there was no breakdown in the procedure for litigating the Fourth Amendment claim at issue and the trial and appellate courts conducted a sufficient review of this issue.

Viewing the petition liberally, it appears that Pitts is raising both Fourth Amendment and ineffective assistance of appellate counsel claims.  Review of  Fourth Amendment claims in habeas petitions can be undertaken in only one of two instances: "a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process."  Capellan, 975 F.2d at 70.

New York's statutory procedure for obtaining suppression of illegally obtained evidence is embodied in N.Y. Crim. Proc. Law § 710 et seq.  Pitts' omnibus motion, in part pursuant to that section, asserted that his oral and written statements to the police were illegally obtained.  An evidentiary hearing was held, following which the motion to suppress was denied.  Pitts obtained further review in the state judicial system of the suppression issue by raising it in his direct appeal to the Appellate Division, which found the claim to be meritless.  Thus, this Fourth Amendment claim is procedurally barred from review.

Concerning the ineffective assistance of appellate counsel claim, although the

_____

[5] It appears that this claim also asserts that Pitts did not receive the effective assistance of counsel on appeal.  This claim is not addressed by the Respondent but is addressed infra..

<u>Strickland</u> test was formulated in the context of evaluating the effectiveness of trial counsel, the same standard applies to claims regarding the performance of appellate counsel. <u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir.1994) (citation omitted).  Thus, a habeas petitioner must show that his or her attorney's performance fell below objective standard of reasonableness and that there is a reasonable probability that but for counsel's error, the outcome would have been different.  <u>Id.</u>  Here, as discussed above, there was no impermissible delay in arraignment.  Thus, Pitts' assertion that his appellate counsel was ineffective because appellate counsel failed to assert this claim on appeal is without merit. Therefore, his fifth ground for relief should be denied.

Accordingly, the petition on this ground should be denied.


## III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAY WILL PRECLUDE APPELLATE REVIEW**. <u>Roland v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**IT IS SO ORDERED.**

Dated:  January 11, 2007
        Albany, New York

United States Magistrate Judge

-14-